UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARY FARRAH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-338-PLR-HBG |
| | ) | |
| PROVECTUS BIOPHARMECEUTICALS, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are two competing motions: the Motion of Fawwaz Hamati for Appointment as Lead Plaintiff and Approval of Lead Counsel [Doc. 40] and Motion of Trilokie Khemai for Appointment as Lead Plaintiff and Approval of his Selection of Counsel [Doc. 43]. Counsel for Fawwaz Hamati, counsel for Trilokie Khemai, and defense counsel appeared before the undersigned to present oral arguments on November 14, 2014. The Court finds that the motions are now fully briefed and ripe for adjudication. [See Docs. 40, 41, 43, 44, 75, 77, 83, and 84].

**I.    BACKGROUND**

This case is a proposed securities class action on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of Provectus Biopharmaceuticals, Inc. ("Provectus"), on or between December 17, 2013 and May 22, 2014, (the "Class Period"). The

Plaintiffs seek remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

Defendant Provectus is a pharmaceutical company engaged in developing pharmaceuticals for oncology and dermatology indications. Plaintiffs maintain that Provectus's main focus is PV-10, which is intended for the treatment of several life threatening cancers, including metastatic melanoma, liver cancer, and breast cancer. Plaintiffs allege that defendants violated the federal securities laws by disseminating false and misleading statements throughout the Class Period, which caused Provectus stock to trade at artificially inflated prices during the Class Period.

On January 23, 2014, Adam Feuerstein published an article on TheStreet.com titled "The Obsolescence of Provectus' Skin Cancer Drug Means Current Speculative Run Ends Badly," alleging that Provectus's management misled investors about the prospects for PV-10, questioning why Provectus had not yet started its promised Phase 3 randomized controlled trial of PV-10 suitable for a Special Protocol Assessment after completing its Phase 2 study in 2010, and speculating that PV-10 may be obsolete in light of new skin cancer drugs being developed. Following this news, Provectus's stock price allegedly fell from $3.35 per share to close at $1.87 per share on January 23,2014, a decline of nearly 64% on volume of 30.5 million shares.

On May 20, 2014, Mr. Feuerstein noted in TheStreet.com that Provectus had prematurely described its PV-10 drug as a "breakthrough" drug for skin cancer on its website prior to a such a designation by the Food and Drug Administration. Then, on May 21, 2014, an investment community blog on SeekingAlpha.com highlighted the failure of Provectus to commence a Phase 3 trial of PV-10, and alleged that Provectus was tied to a stock promotion firm whose

other stock recommendations were recently halted by the Securities and Exchange Commission. On the same day, Provectus issued a press release refuting inaccuracies on SeekingAlpha.com and denying any affiliation with stock promoters. Provectus's stock price allegedly dropped $0.22 per share, to close at $2.02 per share on May 22, 2014, a one-day decline of nearly 10 percent on heavy volume. On May 23, 2014, trading in Provectus stock was halted at $2.02 per share.

Plaintiffs allege that, as a result of Defendants' misrepresentations and/or omissions statements, Provectus securities traded at artificially inflated levels during the Class Period. They allege that, after the revelations concerning the Provectus's business and financial prospects entered the market, Provectus stock dropped precipitously from its high during the Class Period, and the Plaintiffs allege that this fall in price damaged investors.

## II.  POSITIONS OF THE PARTIES

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the class member with the largest financial interest in the relief sought by the proposed class who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – *i.e.* the plaintiff most capable of adequately representing the interests of class members. Both Plaintiff Hamati and Plaintiff Khemai assert that they are the most adequate plaintiff and should be appointed as lead plaintiff in this case.

Hamati maintains that he has the largest financial interest in this action, and therefore, he is presumed to be the most adequate lead plaintiff. Hamati argues that he satisfies both the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, Hamati contends that his claims are typical, because they arise from the same event,

3

practice, or course of conduct that gives rise to other proposed class members' claims and because his claims are based on the same legal theory. Hamati maintains that he is an adequate lead plaintiff because he has sufficient interest in the outcome of the case to ensure vigorous advocacy and because he is represented by competent, experienced counsel who would be able to prosecute the litigation. Hamati concedes that he purchased stock after a partial corrective disclosure, but he argues that this does not render his claims atypical. Finally, Hamati contends that Khemai has failed to demonstrate that Hamati is inadequate to represent the proposed class. Hamati rebukes the idea of Khemai serving as a co-lead plaintiff, because such an arrangement would complicate the litigation unnecessarily.

Khemai concedes that Hamati has the largest financial interest in this litigation. However, Khemai describes the timing of Hamati's stock purchases as unusual and maintains that the timing of the purchases renders Hamati atypical and inadequate. Specifically, Khemai argues that Hamati lacks incentive to pursue claims concerning the price drop on January 23, 2014, because he did not purchase Provectus stock prior to January 23, 2014. Khemai maintains that, assuming Hamati should be disqualified, Khemai has the largest financial interest of any qualified movant. Khemai contends that he also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Alternatively, Khemai proposes that he be appointed as a co-lead plaintiff with Hamati to ensure adequate representation of the entire proposed class.

The Defendants have not taken a position on either Hamati's request to be appointed lead counsel or Khemai's request to be appointed lead counsel. The time for doing so has expired.

Other plaintiffs, who originally moved to serve as lead counsel, have acknowledged that Hamati is likely the most adequate plaintiff and have withdrawn their motions. [See Docs. 47, 48, 50].

**III. ANALYSIS**

The appointment of a lead Plaintiff in cases such as these is governed by PSLRA, which provides:

> (3) Appointment of lead plaintiff.
>
> > (A) Early notice to class members.
> >
> > > (i) In general.
> > >
> > > Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business— oriented publication or wire service, a notice advising members of the purported class—
> > >
> > > > (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> > > >
> > > > (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u–4(a)(3).

The PSLRA provides a rebuttable presumption with regard to the most adequate plaintiff. The rebuttable presumption is invoked where a potential lead plaintiff:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(II).

### A. *Notice of Suit*

As an initial matter, the Court finds that there is no dispute that the PSLRA notice of suit requirements have been satisfied in this case. See Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-63 (D. Mass. 1996). Both Hamati and Khemai filed their motions in response to a timely notice of suit. Further, the Court finds that neither of the potential lead plaintiffs disputes the timeliness of the other party's motion, and the Court's own review has demonstrated that the motions appear to have been timely filed.

Accordingly, the Court finds that the PSLRA notice of suit requirements have been satisfied and the motions before the Court are timely.

### B. *Presumption Regarding Lead Plaintiff*

The Court turns next to the rebuttable presumption. To raise the rebuttable presumption a proposed lead plaintiff must first show that they have either filed the complaint or made a motion in response to a notice. In the instant case, both Hamati and Khemai have filed a timely motion to be designated as lead plaintiff. Thus, the Court finds that the first criterion of the rebuttable presumption under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) is satisfied by both Hamati and Khemai.

6

With regard to the second criterion of the rebuttable presumption, there appears to be no dispute that Hamati has the largest financial interest in this case. Hamati claims to have suffered losses of approximately $682,965.72, while Khemai claims to have suffered losses of approximately $610,168.76. The Court finds that Hamati has the largest financial interest in this case. Thus, the Court finds that the second criterion of the rebuttable presumption under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) is satisfied by Hamati, not Khemai.

In addition to having the largest financial interest in the relief sought by the class, the putative lead plaintiff must satisfy the third criterion, that is, he or she must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Under Rule 23, there are two requirements for establishing lead plaintiff: "(1) 'the claims or defenses of the representative parties are typical of the claims or defenses of the class,' and (2) 'the representative parties will fairly and adequately protect the interests of the class.'" In re Regions Morgan Keegan Closed-End Fund Litigation, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010) (citing Fed. R. Civ. P. 23(a)(3)-(4)).

A claim is typical under Rule 23 if "it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." Beattle v. CenturyTel, Inc., 511 F.3d 554, 561 (6th Cir. 2007) (citing In re Am. Med. Sys., Inc., 75 F.3d 1069, 1082 (6th Cir.1996)). For the district court to conclude that the typicality requirement is satisfied, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." Beattle, 511 F.3d at 561 (citing Senter v. Gen. Motors Corp., 532 F.2d 511, 525 n. 31 (6th Cir. 1976)).

Here, Hamati alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the business and financial prospects

7

of Provectus, between December 17, 2013, and May 22, 2014. Hamati alleges that he purchased Provectus securities at prices that were artificially inflated by Defendants' misrepresentations and omissions, and he maintains that he was damaged through his purchase at these artificially-inflated prices. These allegations are the same allegations that are presented by other members of the proposed class. Therefore, the Court finds that Hamati's interests are closely aligned with the interests of other claims members, and the Court finds that his claims are typical to the claims of the other class members.

In making this finding, the Court has considered Khemai's allegation that Hamati's claims are subject to unique defenses due to the dates of his purchases. The Court finds that Hamati's purchases all occurred within the Class Period, and as indicated above, Hamati's complaint is the same complaint that would be presented by Khemai or any other proposed lead plaintiff. The proposed class members' claims will not all involve the exact same facts, see Beattie 511 F.3d at 561 (citing Senter, 532 F.2d at 525 n. 31), and certainly the date of purchases will vary among the proposed class members. However, this variation does demonstrate that Hamati has failed in his attempt to make a *prima facie* showing under Rule 23. Moreover, as noted at the hearing, approximately 76% of the stock purchased during the class period was purchased after the partial corrective disclosure. Thus, the defenses that Khemai argues would be unique are likely to be presented as defenses to the majority of the claims at issue. Moreover, courts examining similar scenarios have found that such factual variation does not demonstrate the presence of a unique defense, nor does it demonstrate that a proposed plaintiff is atypical. See In re Comverse Tech., Inc. Sec. Litig., 2008 WL 820015, at *3 (E.D.N.Y. Mar. 25, 2008). For all these reasons, the Court finds that Khemai's arguments against Hamati's typicality are not persuasive.

The Court now turns to adequacy. The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members. Beattie, 511 F.3d at 562. In regards to Hamati, the Court is not aware of any potential conflicts of interest or any matters which would preclude Hamati from fulfilling his duties as lead plaintiff. Moreover, the Court finds that Hamati has "demonstrate[d] that [he] has both the ability and the incentive to represent the class's claims aggressively." In re Regions, 2010 WL 5173851, at *5. Hamati has not only filed a motion to be appointed lead plaintiff, but he has also hired experienced counsel, which indicates his willingness to fairly and competently represent the interests of the class. See Burgraff v. Green Bankshares, Inc., 2011 WL 613281, at *3 (E.D. Tenn. Feb. 11, 2011) (citing In re Cendant Corp. Litig., 264 F.3d 201, 264 (3d Cir. 2001)).

Thus, the Court finds that Hamati has made a *prima facie* showing that he satisfies the Rule 23 typicality and adequacy requirements, In re Regions, 2010 WL 5173851, at *5 (citing In re Cendant, 264 F.3d at 264, and therefore, the Court finds that the third criterion of the rebuttable presumption under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) is satisfied by Hamati.

The Court has found that all three of the criteria for the rebuttable presumption under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc) have been fulfilled by Hamati, and therefore, the Court finds that a rebuttable presumption that Hamati is the most adequate lead plaintiff is invoked.

### C.  *Rebuttal of Presumption*

As stated above, the presumption in favor of appointing Hamati as lead plaintiff may be rebutted only upon proof that Hamati will not fairly and adequately protect the interest of the proposed class or that Hamati is subject to unique defenses that render him incapable of adequately representing the class. See 15 U.S.C. §78u-4(a)(3)(b)(iii)(II).

The Court has considered the positions of both Hamati and Khemai, and the Court finds that Khemai has not brought forth proof that Hamati will not fairly and adequately protect class interests or that Hamati will be subject to a unique defense. First, the Court finds that Hamati's financial interest in this case and his choice of able counsel demonstrate that he will fairly and adequately protect the interest of the proposed class. Second, the Court finds that Khemai has not brought forth proof that Hamati is subject to unique defenses. To the contrary and for the reasons stated above, it appears that the potential defenses highlighted by Khemai are not unique and are not a basis for finding the presumption to be rebutted.

Accordingly, the Court finds that the presumption in favor of appointing Hamati as lead plaintiff is not rebutted under 15 U.S.C. §78u-4(a)(3)(b)(iii)(II).

### D.     *Choice of Counsel*

The Court must also consider whether the counsel proposed by Hamati are qualified, experienced, and generally able to conduct the litigation. Stout v. J.D. Byrider, 228 F.3d 709, 717 (6th Cir. 2000). Hamati has submitted documentation showing that the attorneys of Glancy Binkow & Goldberg, LLP, are qualified, experienced, and generally able to conduct the litigation as lead counsel. [See Docs. 42-4]. The Court knows from its own experience that Attorney Keith Stewart, of Stewart Dupree, PA, in Knoxville, Tennessee, is qualified, experienced, and generally able to conduct the litigation as local liaison counsel. Accordingly, the Court finds that Hamati's choice of lead counsel and local liaison is well-taken.

### E.     *Appointment of Co-Lead Plaintiff*

The Court finds that Khemai's suggestion that the Court appoint him as co-lead counsel is not well-taken. It appears that Hamati will adequately represent the proposed class pursuant to the statutory regime, and Khemai has not demonstrated a need for a second plaintiff. Moreover,

the appointment of a second lead plaintiff and additional lead counsel could work against a cohesive litigation strategy and prove inefficient. Moreover, at this juncture, the Court cannot find that there is a need for either a co-lead plaintiff or co-lead and co-liaison counsel. Accordingly, any request for Khemai to serve as co-lead counsel or for his counsel to partner with Hamati's counsel as co-lead and co-liaison counsel will be denied.

IV. **CONCLUSION**

For the reasons stated herein, the Motion of Fawwaz Hamati for Appointment as Lead Plaintiff and Approval of Lead Counsel **[Doc. 40]** is **GRANTED**, and the Motion of Trilokie Khemai for Appointment as Lead Plaintiff and Approval of his Selection of Counsel **[Doc. 43]** is **DENIED**.

Accordingly, the Court **APPOINTS** Fawwaz Hamati as lead plaintiff in this action. The Court **APPOINTS** the attorneys of Glancy Binkow & Goldberg, LLP, as lead counsel, with Attorney Keith Stewart, of Stewart Dupree, PA, serving as liaison counsel.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge