UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In re Provectus Biopharmaceuticals, Inc. Securities Litigation | Case No. 3:14-cv-00338-PLR-HBG<br><br>**CLASS ACTION**<br><br>District Judge Pamela L. Reeves<br><br>Magistrate Judge H. Bruce Guyton |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT

WHEREAS, a class action is pending before the Court entitled *In re Provectus Biopharmaceuticals, Inc. Securities Litigation*, Civil Action No. 3:14-cv-00338-PLR-HBG, United States District Court for the Eastern District of Tennessee (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 8, 2016 (the "Stipulation")[1], which has been entered into by Plaintiff and Defendants, and the Court has reviewed the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation;

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, and the terms used herein shall have the same meaning as in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court finds that: (a) the Stipulation resulted from arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate as to the Settlement Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before this Court on September 26, 2016, at 10:00 a.m., at the United States District Court for the Eastern District of Tennessee, Knoxville Division, 800 Market Street, Suite 130, Knoxville, TN 37902, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether to certify a Settlement Class; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine whether to grant Plaintiff's Lead Counsel's request of fees and expenses; and to determine whether the Court should grant Lead Plaintiff's reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for the purposes of effectuating this Settlement, a Settlement Class consisting of all Persons other than Defendants who purchased or otherwise acquired the common stock of Provectus Biopharmaceuticals, Inc. ("Provectus") between December 17, 2013, and May 22, 2014, inclusive (the "Settlement Class"). Excluded from the Settlement Class are Defendants herein, the officers and directors of Defendants, members of their immediate families, and the heirs, successors or

assigns of any of the foregoing. There has been no prior notice to Members of the Settlement Class of the certification of the Settlement Class in this Litigation or prior opportunity for any Person or entity to request to be excluded from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiff is appointed as representative of the Class, and Lead Counsel Glancy Prongay & Murray LLP is appointed as class counsel for the Class.

6. With respect to the Settlement Class, the Court finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) have been satisfied as: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the Litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Hearing (the "Internet Long Form Notice"), the Proof of Claim and Release form (the "Proof of Claim"), Summary Notice ("Summary Notice"), and Postcard Notice ("Postcard Notice"), annexed respectively as Exhibits A-1, A-2, A-3,

and A-4 to the Stipulation, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Internet Long Form Notice and the Proof of Claim form on the following website: www.ProvectusSecuritiesLitigation.com, substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate, and should be finally approved, and whether the Judgment dismissing the Litigation with prejudice should be approved, no Class Member, either directly, representatively, or in any other capacity, shall assert, commence, or prosecute against any of the Released Persons, any of the Released Claims in this Litigation, or in any other proceeding or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

9. The Court appoints Kurtzman Carson Consultants LLC ("KCC") ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. Defendants shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Co-Lead Plaintiffs, within five (5) business days after the Court signs this Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Provectus common stock during the Class Period;

    b. Not later than twenty (20) business days after the date of this Order (the

"Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed as Exhibit A-4 to the Stipulation, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

    c.    Not later than thirty (30) business days after the date of this Order, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service;

    d.    Not later than twenty (20) business days after the date of this Order, the Claims Administrator shall cause the Stipulation and its Exhibits, including a copy of the Long Form Notice and Proof of Claim form, to be posted on the following website: www.ProvectusSecuritiesLitigation.com; and

    e.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Settling Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    Nominees who purchased or acquired Provectus common stock between December 17, 2013, and May 22, 2014, inclusive, shall send the Postcard Notice to all beneficial owners of such Provectus common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Postcard Notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Postcard Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of Provectus common stock made during the Settlement Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this Paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

12. All Members of the Settlement Class (other than those Persons or entities who submit a timely and valid Request for Exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Settlement Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Settlement Class) who wish to collect in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked or submitted online no later than one hundred twenty (120) calendar days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

14. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, Plaintiff's Lead Counsel will represent them.

15. Any Member of the Settlement Class (other than those Persons or entities who submit a timely and valid Request for Exclusion) may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and reimbursement of expenses should or should not be awarded to Plaintiff's Lead Counsel, or Lead Plaintiff should not be reimbursed his reasonable costs and expenses (including lost wages) directly related to his representation of the Class; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiff's Lead Counsel, or Lead Plaintiff's reimbursement of costs and expenses (including lost wages) directly related to his representation of the Class, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the Eastern District of Tennessee, no later than twenty-one (21) calendar days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Internet Long Form Notice, such that they are received on or before such date. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

17. All papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application, shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing. Any reply papers in further support of the Settlement, the Plan of Allocation, and the Fee and Expense Application, shall be filed and served no later than ten (10) calendar days prior to the Settlement Hearing.

18. Neither Defendants nor any of the Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation, any application for attorneys' fees or expenses submitted by Plaintiff's Lead Counsel, or any application for Lead Plaintiff's reimbursement of costs and expenses (including lost wages) directly related to his representation of the Class, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or expenses by Lead Counsel or Lead Plaintiff shall be approved.

20. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, and paying taxes and tax expenses, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiff's Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund pursuant to this Paragraph.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

24. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Dated: April 7, 2016

*[signature]*
**UNITED STATES DISTRICT JUDGE**