FILED
DEC 12 2016
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In re Provectus Biopharmaceuticals, Inc. Securities Litigation | Case No. 3:14-cv-00338-PLR-HBG<br><br>**CLASS ACTION**<br><br>District Judge Pamela L. Reeves<br><br>Magistrate Judge H. Bruce Guyton |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 29, 2016, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of March 8, 2016 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class who did not timely file a Request for Exclusion from the Settlement Class by the November 10, 2016, deadline pursuant to the Court's Order dated September 29, 2016.

3. The Court certifies this action as a class action and finds that the prerequisites for a

class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court appointed Class Representative, Fawwaz Hamati, are typical of the claims of the Settlement Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Provectus Biopharmaceuticals, Inc. between December 17, 2013, and May 22, 2014, inclusive, and were purportedly damaged thereby. Excluded from the Settlement Class are Defendants herein, the officers and directors of Provectus Biopharmaceuticals, Inc., members of their immediate families, and the heirs, successors, or assigns of any of the foregoing. Also excluded from the Settlement Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4.     The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order dated April 7, 2016, as revised on September 29, 2016, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices,

and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the requirements of due process, and any other applicable law.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiff, the Class, and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiff, Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

6. Except as to any individual claim of those Persons (identified in Schedule 1 attached hereto), who timely requested exclusion from the Settlement Class before the November 10, 2016, deadline, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiff and the other Class Members, and as against each and all of the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, the Plaintiff and each of the Class Members (other than those Persons listed on Schedule 1 who have timely and validly requested exclusion from the Settlement Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendants and all Released Persons from any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to

both: (i) the purchase or acquisition of Provectus common stock during the Class Period, and (ii) the acts, facts, statements, or omissions that were asserted or could have been asserted in the Litigation by Co-Lead Plaintiffs or Members of the Class. "Released Claims" does not include: (i) claims to enforce the Settlement; and (ii) claims in any related derivative action. "Released Claims" includes "Unknown Claims" as defined herein.

8. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members and Plaintiff's Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains

continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

12. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. The Court hereby **GRANTS** Plaintiff's Lead Counsel attorneys' fees of _33.3_ % of the Settlement Fund and expenses in an amount of $_52,004.65_, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class. Said fees shall be allocated among Plaintiff's counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

15. The Court hereby GRANTS Lead Plaintiff Fawwaz Hamati his reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $ 10,000.00.

16. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiff's Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

DATED: 12-12-16

_____
The Honorable Pamela L. Reeves
United States District Judge

# SCHEDULE 1

## List of Persons Excluded from the Class in

*In re Provectus Biopharmaceuticals, Inc. Securities Litigation*
Civil Action No. 3:14-cv-00338-PLR-HBG

The following Persons, and only the following Persons, properly excluded themselves from the Settlement Class by the November 10, 2016, deadline pursuant to the Court's Order dated September 29, 2016:

| EXCLUDED PERSONS | |
|---|---|
| *No exclusions filed* | |
| | |
| | |
| | |